UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>KANYA TENNYSHA COLEMAN,<br>Defendant. | Case No. 11-cr-00904-PJH-1<br><br>**ORDER REGARDING DEFENDANT'S LETTER TO COURT;**<br>**NOTICE CONCERNING SECTION 2255 MOTIONS**<br><br>Re: Dkt. No. 186 |
|---|---|

Before the court is a letter by defendant Kanya Tennysha Coleman, signed as Kanya Tennysha Hill, seeking judicial notice and judicial review of the actions by attorneys for the government in this case. Doc. no. 186. The letter attaches a separate "Notice," subtitled "Judicial Notice," signed by defendant that is addressed to defense counsel. The court notes that defendant's self-surrender date is set for March 20, 2015.

**I.  Request for Judicial Review**

Because defendant was represented by counsel in plea negotiations, entry of plea and sentencing, the court will not construe defendant's letter as an unrepresented, pro se motion to withdraw the plea. *See United States v. Bergman*, 813 F.2d 1027, 1030 (9th Cir. 1987). To the extent that defendant seeks to challenge her conviction or the validity of her guilty plea, a motion to vacate, set aside or correct the sentence is governed by 28 U.S.C. § 2255. *See Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir. 1989) (quoting *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) ("The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice

among the alternative courses of action open to the defendant.")) (internal citation and quotation marks omitted). Section 2255 provides in part as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

Although defendant is not yet incarcerated, she is subject to an appearance bond and self-surrender requirement and therefore satisfies the "in custody" jurisdictional requirement for seeking section 2255 relief. *See Williamson v. Gregoire*, 151 F.3d 1180, 1182 (9th Cir. 1998) ("a convict released on his own recognizance pending execution of his sentence is 'in custody' because he is obligated to appear at times and places ordered by the court"). A motion to vacate, set aside or correct a federal sentence under § 2255 must be filed within one year of the latest of the date on which: (1) the judgment of conviction became final; (2) an impediment to making a motion created by governmental action was removed, if such action prevented petitioner from making a motion; (3) the right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Although defendant did not characterize her request for judicial review as a § 2255 motion, an application filed in the sentencing court, and substantively within the scope of § 2255, is a motion under § 2255, regardless of how the defendant captions the application. *United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011) (citing

*Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (pleading labeled as a Rule 60(b) motion was construed as a habeas petition)). However, a court may not recharacterize a pro se litigant's motion as the litigant's first § 2255 motion unless the court informs the litigant of its intent to do so. *Castro v. United States*, 540 U.S. 375, 377 (2003). As the Ninth Circuit Court of Appeals explained:

> When presented with a pro se motion that could be recharacterized as a 28 U.S.C. § 2255 motion, a district court should not so recharacterize the motion unless: (a) the pro se prisoner, with knowledge of the potential adverse consequences of such a recharacterization, consents or (b) the district court finds that because of the relief sought that the motion should be recharacterized as a 28 U.S.C. § 2255 motion and offers the pro se prisoner the opportunity, after informing the prisoner of the consequences of recharacterization, to withdraw the motion. Under either scenario, the pro se prisoner has the option to withdraw the motion and file one all-inclusive 28 U.S.C. § 2255 motion within the one-year statutory period.

*United States v. Seesing*, 234 F.3d 456, 464 (9th Cir. 2001). If this is not done, a recharacterized motion will not count as a § 2255 motion for purposes of applying § 2255's "second or successive" provision. *Castro*, 540 U.S. at 377.

Defendant's letter makes vague allegations against the attorneys "claiming to represent the government," and does not allege cognizable grounds to vacate, set aside or correct the sentence pursuant to § 2255. Thus, the court will deny the request for judicial review without prejudice, and provide defendant an opportunity to clarify whether she seeks relief pursuant to § 2255 and notice of the potential adverse consequences of treating her request for relief as a § 2255 motion. That is, before recharacterizing the request for judicial review as a motion to vacate, set aside or correct the sentence pursuant to § 2255, the court provides defendant with notice that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, *Castro*, 540 U.S. at 383. Defendant may file, within the one-year statutory period, either (a) consent to recharacterize the letter as a § 2255 motion or (b) file an all-inclusive 28 U.S.C. § 2255 motion. Defendant's letter request for judicial review is therefore DENIED WITHOUT PREJUDICE.

In the event that defendant consents to having the request for judicial review construed as a § 2255 motion, the court notes that by entering the plea agreement, defendant agreed not to file a § 2255 motion or other collateral challenge to her conviction or sentence, except for a claim for ineffective assistance of counsel in connection with the negotiation of the plea agreement or entry of the plea. Doc. no. 135 ¶ 5. That is, under the terms of the plea agreement, defendant may seek § 2255 relief only on the ground of ineffective assistance of counsel in connection with plea negotiations or plea entry. If defendant seeks relief from the sentence in a motion under § 2255, she must show that such a motion is not barred by the plea agreement.

**II.**   *Castro* **Notice**

The court hereby provides notice of the potential adverse consequences of recharacterizing the request for judicial review as a § 2255 motion:

**NOTICE**

The court may not recharacterize a pro se litigant's motion as a first § 2255 motion unless either the pro se prisoner consents, with knowledge of the restrictions on second or successive motions, or the court offers the pro se prisoner the opportunity, after informing the prisoner of the consequences of recharacterization, to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. *Castro,* 540 U.S. at 383; *Seesing*, 234 F.3d at 464. "Under either scenario, the pro se prisoner has the option to withdraw the motion and file one all-inclusive 28 U.S.C. § 2255 motion within the one-year statutory period." *Seesing*, 234 F.3d at 464.

Under *Castro* and *Seesing*, the court **HEREBY NOTIFIES** defendant Kanya Tennysha Coleman, aka Kanya Tennysha Hill, that she must either (a) file a statement consenting to the recharacterization of her request for judicial review as a motion to vacate, set aside or correct the sentence under § 2255, or (b) file a motion bringing all claims for relief

4

pursuant to § 2255 in a single, all-inclusive motion.  Failure to assert all of the grounds for relief in a single motion may preclude defendant from asserting other grounds in a second or successive § 2255 motion.

## CONCLUSION

For the foregoing reasons, the request for judicial review is DENIED WITHOUT PREJUDICE.  Furthermore, IT IS ORDERED that for the request for judicial review to be recharacterized as a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, defendant may, within the one-year statutory period, either

(a) file a statement that indicates her consent to recharacterizing her letter as a § 2255 motion and addresses why the motion is not barred by the plea agreement; or

(b) file a single, all-inclusive § 2255 motion that asserts all her claims for collateral relief and addresses why the motion is not barred by the plea agreement.

**IT IS SO ORDERED.**

Dated:  March 16, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge